**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50357 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02812-LAB-1 |
| v. | |
| FEDERICO CORNEJO FARIAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federico Cornejo Farias appeals from the district court's judgment and challenges the 91-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Farias contends that the district court misapplied the minor role guideline, U.S.S.G. § 3B1.2, by failing to compare his culpability to that of the other likely participants in his criminal scheme and to give proper consideration to two of the factors forth in the commentary to the guideline, U.S.S.G. § 3B1.2 cmt. n.3(C). He also argues that the district court erroneously relied on commonplace courier conduct to deny the adjustment. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record reflects that the district court understood its obligation to compare Farias to both known and likely co-participants in the offense and conducted that comparison. *See United States v. Diaz*, 884 F.3d 911, 916-17 (9th Cir. 2018). Though the court gave more weight to some of the factors set forth in the commentary, and very little weight to others, the court considered all of the factors and it was within its discretion to decide how to weigh them. *See id.* at 918 ("[T]he district court has considerable latitude in ruling on minor-role adjustments."); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ( "Once the court has considered all the factors . . . it may grant or deny a [minor role] reduction even if some of the factors weigh toward the opposite result."). Moreover, the court properly relied on the specific circumstances of Farias's offense, rather than commonplace courier conduct, in analyzing the adjustment. In

18-50357

light of the totality of the circumstances, the district court did not abuse its

discretion in concluding that Farias was not "substantially less culpable than the

average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A), (C).

**AFFIRMED.**